UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:22cr165CEH-JSS

29 U.S.C. § 666(e)

TAMPA ELECTRIC COMPANY

INFORMATION

The United States Attorney charges:

COUNT ONE
(Willful Violation of OSHA Standard Causing Death)

Introduction

At all times material to this Information:

**The Defendant and Its Contractors**

1. TAMPA ELECTRIC COMPANY (TECO) operated multiple power plants, including Big Bend Station located in Apollo Beach, in the Middle District of Florida. TECO was an "employer" within the meaning of the Occupational Safety and Health Act of 1970. 29 U.S.C. § 652(5). Big Bend Station housed four large, coal-fired furnaces, three of which generated a molten by-product known as "slag" that would collect in large water-filled vessels known as "slag tanks" during normal operation.

2. Contractor A, a Florida corporation with its principal place of business in Riverview, Florida, was engaged in the business of industrial waterblasting and

vacuum services, and it maintained an operation on-site at Big Bend Station. TECO contracted with Contractor A to perform waterblasting services on slag tanks as needed at Big Bend Station.

3. Contractor B, a Kansas corporation with its principal place of business in Houston, Texas, was engaged in the business of providing industrial products and services to an array of clients, including in the power generation market. TECO contracted with Contractor B to, among other things, remove debris and clean areas surrounding slag tanks, including when slag tanks were sluiced, dumped, and/or waterblasted.

4. Victim 1, Victim 2, Victim 3, Victim 4, and Victim 5 were "employees" within the meaning of the Occupational Safety and Health Act of 1970. 29 U.S.C. § 652(6).

### Occupational Safety and Health Act

5. The Occupational Safety and Health Act of 1970 (OSH Act), 29 U.S.C. § 651 et seq., was enacted to assure so far as possible every working man and woman in the nation safe and healthful working conditions. 29 U.S.C. § 651(b). The OSH Act authorized the United States Secretary of Labor, through the Occupational Safety and Health Administration (OSHA), to promulgate mandatory federal workplace safety and health standards. 29 U.S.C. § 655.

6. The OSH Act required that all employers (1) furnish to each of their employees employment and a place of employment free from recognized hazards that are causing or are likely to cause death or serious physical harm (the "general duty"

clause), and (2) comply with the occupational safety and health standards promulgated under the OSH Act. 29 U.S.C. § 654(a).

7. Congress provided for criminal culpability for an employer that commits a willful violation of a safety standard that causes death to any employee. 29 U.S.C. § 666(e).

8. OSHA promulgated federal workplace safety and health standards for general industry at Title 29, Code of Federal Regulations, Part 1910. Said standards included the requirement, among others, that the employer "provide the employee in charge of the job with all available information that relates to the determination of the existing characteristics and conditions" [related to safety of the work to be performed] and that "before each job ... [t]he employer shall ensure that the employee in charge conducts a job briefing ... with the employees involved before they start each job ... [and that] [t]he briefing shall cover at least the following subjects: hazards associated with the job, work procedures involved, special precautions, energy-source controls, and personal protective equipment requirements." 29 C.F.R. § 1910.269(c)(1)–(2).

### The Willful Violation of 29 C.F.R. § 1910.269(c)

9. On or about June 29, 2017, in the Middle District of Florida, the defendant,

TAMPA ELECTRIC COMPANY,

an employer, willfully violated a standard promulgated pursuant to 29 U.S.C. § 665, that is, 29 C.F.R. § 1910.269(c) which requires employers to ensure that, before each job, a job briefing is held that covers hazards associated with the job, work procedures

3

involved, special precautions, energy source controls, and personal protective equipment requirements, and said violation caused death to five employees, namely Victim 1, Victim 2, Victim 3, Victim 4, and Victim 5.

In violation of 29 U.S.C. § 666(e).

ROGER B. HANDBERG
United States Attorney

TODD KIM
Assistant Attorney General

By: _____
Adam Cullman
Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

By: _____
Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section